UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STEVEN MICHAEL STONE,

        Plaintiff,                      Case No. 1:14-cv-272

v.                                           Honorable Gordon J. Quist

NORA ERHART et al.,

        Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Ford, Wallin and Klawuhn. The Court will serve the complaint against Defendant Erhart.

**Discussion**

I.        Factual allegations

Petitioner Steven Michael Stone presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility, though the actions about which he complains occurred while he was housed at the Emmet County Jail. He sues his court-appointed attorney, Bryan Klawuhn, and the following employees of Emmet County: Jail Nurse Nora Erhart; Jail Administrator Brenda Ford; and Sheriff Peter A. Wallin.

As the result of becoming ill with viral encephalitis as a child, Plaintiff experienced a brain injury, which left him with the mental capacity of a twelve-year old. By the time he went to jail in August, 2011, Plaintiff had been under psychological care for years, and he had been prescribed Effexor, Lorazepam, and Risperidone. Apparently, however, Plaintiff had stopped taking his medications, after which he engaged in the criminal activity that led to his incarceration.

According to the complaint, after he was taken to the Emmet County Jail, Plaintiff began to act up and attempted to hurt himself. No doctor examined Plaintiff, but Defendant Nurse Erhart ordered that Plaintiff be strapped into a restraint chair, after which she gave him an injection containing Ativan, Benedryl and Valium. She gave Plaintiff a total of eight injections. By the time Plaintiff went to his court hearing, he was seeing and hearing things that were not real, and he was so drugged that he could not understand what was going on. Plaintiff's mother, Debbie Stone, called Defendant Ford, telling her to stop Defendant Erhart from continuing to inject Plaintiff. After the call, Erhart discontinued the injections, but she started giving him pills containing the same drugs. When Plaintiff refused to take the pills, jail employees told him that he would not be fed. Plaintiff continuously asked to see a doctor, but he was not allowed a visit. Instead, Plaintiff was informed that the doctor had watched him from the control room.

After Plaintiff was sent to the MDOC to serve his sentence, he was given a medical examination. MDOC medical personnel reportedly told Plaintiff that jail employees never should have given him the medications they did and that the medications had damaged his liver. Because of the liver damage, Plaintiff was forced to discontinue his medications "cold turkey." (Compl., docket #1, Page ID#3.)

Plaintiff complains that he was dangerously medicated from August 16, 2011 to February 5, 2012. He asserts that Defendant Klawuhn tricked him into pleading guilty by representing that he would get probation, instead of a prison sentence. He also alleges that he was unable to understand the consequences of the plea, given his medicated status. In addition, he alleges that, since he was placed in prison, he has been raped, beaten and stabbed. He is now housed in protective custody.

For relief, Plaintiff seeks to overturn and dismiss the felony charges to which he pleaded guilty. He also seeks damages for the pain and suffering attributable to the illegal injections and improper treatment of his psychiatric condition.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues his defense attorney, Bryan Klawuhn, for having lied to him, inducing him to plead guilty when he was not competent to do so. Plaintiff cannot show that his court-appointed attorney acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel – whether privately retained or paid by the state – acts purely on behalf of the client and free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions. *See, e.g., Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003). Accordingly, because Plaintiff's court-appointed attorney did not act under color of state law, no claim under § 1983 can be maintained against him.

        Plaintiff also fails to make specific factual allegations against Defendants Ford and Wallin, other than his claim that they failed to prevent Defendant Erhart from unconstitutionally injecting him without his consent and over-medicating him.[1] Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532

---

[1] Plaintiff acknowledges that Erhart stopped the injections after Ford received a call from Plaintiff's mother.

F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Ford and Wallin engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Moreover, to the extent that Plaintiff seeks relief from his judgment of conviction, his claims are not cognizable in this proceeding. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Upon initial review, the Court concludes that Plaintiff has sufficiently alleged a Fourth, Eighth or Fourteenth Amendment claim[2] for damages attributable to his wrongful medical treatment by Defendant Erhart. The Court therefore will order service of the complaint on Defendant Erhart.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Ford, Wallin, and Klawuhn will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Erhart.

An Order consistent with this Opinion will be entered.

Dated: April 8, 2014 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[2] While it is not entirely clear from the complaint, Plaintiff arguably may have been housed at the Emmet County Jail as an individual arrested without a warrant and prior to an arraignment, as a pretrial detainee awaiting trial, and, for some period after he was a convicted prisoner. Plaintiff's claim against Defendant Erhart would be governed by the Fourth Amendment for any pre-arraignment, warrantless confinement, by the Due Process Clause of the Fourteenth Amendment for the period preceding his conviction, and by the Eighth Amendment for any period after he was a convicted prisoner. *See Aldini v. Johnson*, 609 F.3d 858, 864-67 (6th Cir. 2010).