UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN STONE,

   Plaintiff,          Hon. Gordon J. Quist

v.                 Case No. 1:14 CV 272

NORA ERHART,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the Court on Plaintiff's Motion for Default Judgment. (Dkt. #15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.

## BACKGROUND

   Plaintiff initiated this action on March 14, 2014, against four individuals. (Dkt. #1). Plaintiff's claims have all been dismissed save his improper medical treatment claims asserted against Nora Erhart, R.N. (Dkt. #4). With respect to such claims, Plaintiff alleges the following.

   On an unspecified date, Plaintiff was arrested and transported to the Emmett County Jail. Plaintiff subsequently began "acting up and trying to hurt" himself. In response, Defendant Erhart placed Plaintiff in a restraint chair and forcibly medicated him with psychotropic medications. Erhart acted, however, without benefit of a physician's prescription or an appropriate court order. Plaintiff subsequently entered into a plea arrangement after which he was transferred to the custody of the

Michigan Department of Corrections (MDOC) to serve his prison sentence. MDOC medical staff informed Plaintiff that his liver had been damaged as a result of the medications given to him by Defendant Erhart. Plaintiff seeks monetary damages to compensate him for his "pain and suffering."

On April 16, 2014, Defendant Erhart executed a Waiver of Service, thus affording her until June 9, 2014, to answer or otherwise respond to Plaintiff's complaint. (Dkt. #7). Defendant Erhart failed to respond to Plaintiff's complaint and on October 9, 2014, the Court issued a Notice of Impending Default informing Erhart that if she failed to file a responsive pleading before October 23, 2014, default may be entered against her. (Dkt. #14). Defendant Erhart neither responded to the Court's Notice nor did she respond to Plaintiff's complaint. Accordingly, default was entered against Defendant Erhart. (Dkt. #16). Plaintiff now moves for the entry of default judgment.

## ANALYSIS

Federal Rule of Civil Procedure 55(b) provides as follows:

(b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

      (A) conduct an accounting;
      (B) determine the amount of damages;
      (C) establish the truth of any allegation by evidence; or
      (D) investigate any other matter.

    Because Plaintiff is not seeking a sum certain or an amount that can be made certain by computation, this matter is governed by Rule 55(b)(2). Rule 55 does not, however, articulate a standard by which motions for default judgment are to be evaluated. Rather, the Court is required to exercise "sound judicial discretion" in determining whether judgment should be entered. *See*, *e.g.*, *Commodity Futures Trading Commission v. Aurifex Commodities Research Co.*, 2008 WL 474227 at \*1 (W.D. Mich., Feb. 15, 2008) (citing Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685). Moreover, this "element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Hitachi Medical Systems America, Inc. v. Lubbock Open MRI, Inc.*, 2010 WL 1655536 at \*1 (N.D. Ohio, Apr. 22, 2010) (quoting Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 2685).

    Some of the factors relevant to determining whether default judgment is appropriate include: (1) whether the plaintiff has been prejudiced; (2) the merit's of the plaintiff's claim; (3) the amount sought in damages; (4) whether there exists the possibility of a dispute concerning material facts; and (5) whether the default was due to excusable neglect. *See*, *e.g.*, *Canal v. Dann*, 2010 WL 3491136 at \*3 (N.D. Cal., Sept. 2, 2010). The Court must also recognize that "[t]rials on the merits are favored in the federal courts" and "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Rhinehart v. Scutt*, 2010 WL 3701788 at \*8 (E.D. Mich., Aug. 16, 2010). In support of his motion for default judgment, Plaintiff has submitted documentation which, in the Court's estimation, seriously undermines Plaintiff's claim for relief. (Dkt. #18). This material indicates that the

decision by jail officials to restrain and medicate Plaintiff was a reasonable and justified response to Plaintiff's disruptive behavior. The documentation in question reveals the following.

Plaintiff arrived at the Emmet County Jail on August 15, 2011. Upon arrival at the jail, Plaintiff immediately began "screaming at and verbally assaulting all the officers and other inmates." As one example, Plaintiff shouted at one particular jail guard the following: (1) "come fight me you fucking pussy"; (2) "it took 12 cops to get me down in Monroe County"; and (3) "bring it on." The decision to place Plaintiff in a restraint chair and medicate him was made only after enduring more than two days of Plaintiff's disruptive behavior. Once Plaintiff was placed in the restraint chair, he was examined by Defendant Erhart who, "after confirming that [Plaintiff] was physically alright," administered to Plaintiff a dose of Risperdal.[1] Approximately two hours later, Plaintiff "switched on his screaming, verbal attacks and cursing at the officers, all the while trying to rock and tip over the restraint chair." Defendant Erhart subsequently administered to Plaintiff a dose of Geodon.[2] Less than two hours later, Plaintiff began "screaming and spitting" at jail officials. After again examining Plaintiff and determining that he was "responsive and his heart/pulse rate [was] good," Defendant Erhart administered to Plaintiff a second dose of Geodon. Once Plaintiff "finally beg[a]n to tire himself and calm down," he was removed from the restraint chair. Defendant Erhart then began treating Plaintiff with a regimen of Risperdal and Ativan.[3]

---

[1] Risperdal is an antipsychotic medication "used to treat schizophrenia and symptoms of bipolar disorder." *See* Risperdal, available at http://www.drugs.com/risperdal.html (last visited on July 9, 2015). Risperdal is also "used in autistic children to treat symptoms of irritability." *Id.*

[2] Geodon is an antipsychotic medication "used to treat schizophrenia and the manic symptoms of bipolar disorder." *See* Geodon, available at http://www.drugs.com/geodon.html (last visited on July 9, 2015).

[3] Ativan is a benzodiazepine, used to treat anxiety disorders, which "affects chemicals in the brain that may become unbalanced and cause anxiety." *See* Ativan, available at http://www.drugs.com/ativan.html (last visited on July 9, 2015).

This medication "appeared to work well for two days" after which Plaintiff "was back to his hostile and threatening behavior." Plaintiff yelled at one guard, "come and get me, but this time you['re] gonna have to fight me." Plaintiff then yelled, "I'll bite and spit on ya." Defendant Erhart administered to Plaintiff a dose of Geodon "which produced a very calming effect" on Plaintiff. By noon the following day, however, Plaintiff's "behavior began to rapidly deteriorate." Plaintiff began "bumping his head against the wall" and then shouted, "I'll smash my head against the brick wall." Plaintiff refused to take his prescribed Ativan and "his condition continued to deteriorate." The following day, Plaintiff exhibited a desire to cooperate, stating, "I'm done with all this...I'm exhausted."

While this evidence tends to establish that jail officials acted reasonably in response to Plaintiff's disruptive behavior, it does not negate Plaintiff's claims that the medication he was given by Defendant Erhart was not properly prescribed or that such caused him to experience liver damage. Moreover, the Court cannot overlook the fact that Defendant Erhart, despite ample opportunity to defend against Plaintiff's claims, has utterly refused to participate in this matter. Accordingly, the Court finds that default judgment is appropriate in this matter. The question, therefore, becomes determining the relief to which Plaintiff is entitled.

Even assuming that liability can be established on the present record, Plaintiff must introduce evidence sufficient to establish his damages "with reasonable certainty." *See*, *e.g.*, *City of Dayton v. Contractors Bonding and Ins. Co.*, 2014 WL 5018905 at *1 (S.D. Ohio, Oct. 7, 2014); *Fifth Third Bank v. Canfield*, 2014 WL 3853464 at *2 (W.D. Ky., Aug. 5, 2014). Plaintiff requests monetary damages to compensate him for "pain and suffering." Plaintiff cannot recover "pain and suffering" damages, however, unless he first presents evidence that he suffered a physical injury as a result of Defendant's allegedly wrongful conduct. *See* 42 U.S.C. § 1997e(e); *see also*, *Flanory v. Bonn*, 604 F.3d

249, 254 (6th Cir. 2010).  While the physical injury "need not be significant, it must be more than *de minimis*."  *Flanory*, 604 F.3d at 254.  While Plaintiff alleges that he suffered liver damage as a result of Defendant Erhart's actions, Plaintiff has failed to present any evidence that he experienced liver damage or any other physical injury.  Accordingly, the undersigned recommends that Plaintiff be awarded one dollar in nominal damages.  *See, e.g., Grace v. City of Detroit*, 216 Fed. Appx. 485, 492 (6th Cir., Jan. 31, 2007) ("without actual injury, nominal damages may be awarded").

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Default Judgment</u>, (Dkt. #15), be **granted in part and denied in part**.  Specifically, the undersigned recommends that default judgment be entered against Defendant Erhart on Plaintiff's improper medical treatment claims.  The undersigned further recommends that Plaintiff be awarded one dollar in nominal damages, but that his motion otherwise be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  August 3, 2015              /s/ Ellen S. Carmody
                                   ELLEN S. CARMODY
                                   United States Magistrate Judge