UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN STONE,

       Plaintiff,

v.                                    Case No. 1:14-CV-272

NORA ERHART,                      HON. GORDON J. QUIST

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 3, 2015, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R) recommending that the Court grant Plaintiff's motion for default judgment in part and reject it in part. In particular, the magistrate judge recommended that the Court enter a default judgment against Defendant Erhart for one dollar in nominal damages. The magistrate recommended nominal damages because Plaintiff failed to demonstrate that he suffered a physical injury—a requirement for a prisoner plaintiff to recover damages for pain and suffering. (R & R at 5.) The magistrate judge observed that because Plaintiff failed to present any evidence that he experienced liver damage or any other physical injury, an award of nominal damages was appropriate.

Plaintiff has filed an Objection to the R & R, in which he asserts that nominal damages of one dollar is insufficient. Instead, Plaintiff argues, he should be awarded at least $350 for the filing fee, although he states that he is actually seeking $25,000 in nominal damages.

After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

First, as to the filing fee, because Plaintiff will obtain an award of nominal damages against Defendant Erhart, Plaintiff will be deemed a prevailing party entitled to an award of costs, which includes the $350 filing fee.  *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920.

As for Plaintiff's contention that he is seeking nominal damages in the amount of $25,000, such amount is far in excess of a nominal damage award.  A court will not presume that a plaintiff who establishes a violation of his constitutional rights has suffered damages; rather, where there is no proof of actual damages, the plaintiff will be limited to "recover[ing] nominal damages not to exceed one dollar."  *Carey v. Piphus*, 435 U.S. 247, 267, 98 S. Ct. 1042, 1054 (1978).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 3, 2015 (dkt. # 22 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (dkt. # 22) is **GRANTED IN PART AND DENIED IN PART**.  The Court will enter a default judgment against Defendant Erhart for nominal damages in the amount of one dollar, plus costs in the amount of $350.

This case is **concluded**.


Dated:  September 11, 2015                             /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE